IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PFIZER, INC., ) | |
| ) | |
| Plaintiff and ) | |
| Counterclaim Defendant, ) | |
| ) | |
| v. ) | 02: 02cv1628 |
| ) | |
| MYLAN LABORATORIES, INC. and ) | |
| MYLAN PHARMACEUTICALS, INC., ) | |
| ) | |
| Defendant and ) | |
| Counterclaim Plaintiffs. ) | |

**MEMORANDUM ORDER**

Presently before the Court for disposition is the MOTION *IN LIMINE* TO OFFER AND RELY ON THE PRIOR TRIAL TESTIMONY OF EDWARD DAVISON, with brief in support filed by Plaintiff, Pfizer Inc. ("Pfizer"), the Response in Opposition filed by Defendants Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc. (collectively referred to as "Mylan"), and the Reply Memorandum filed by Pfizer.

The issues have been fully briefed and the matter is ripe for disposition. After a careful consideration of the motion, the filings in support and opposition, the memoranda of the parties, and the relevant case law, the Court finds that the Motion should be granted.

Trial in this patent infringement lawsuit is scheduled to commence on November 28, 2006. This will be the third trial this year on the same patent, United States Patent No. 4,879,303 ("the '303 patent").[1] Pfizer seeks to introduce in the instant trial the testimony of

---

[1] In January 2006, a non-jury trial was held before Judge James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota, sitting by designation in the Northern District of Illinois. *Pfizer, Inc. v. Apotex, Inc. f/k/a Torpharm, Inc.*, 03-5289 (N.D. Ill.) In a decision rendered at the conclusion of the

(continued...)

Edward Davison which he gave in the *Pfizer Inc. v. Apotex Inc. f/k/a Torpharm, Inc*. trial before Judge Rosenbaum.  Mr. Davison, one of the inventors of the patent at issue, is retired and resides in England.   Pfizer contends that the prior sworn trial testimony of Mr. Davison relates to the factual history and description of the work leading to the invention that is the subject of the '303 patent and the testing that was conducted on the various amlodipine salts reported in the patent.  "That testimony sets out the history of the invention.  It also described in detail and in a coherent form the stickiness testing that Mr. Davison ran and that is reported in the '303 product, and Mr. Davison's reasons for conducting the tests in the way he did." *Reply Br. at 4*.

Pfizer represents that Mr. Davison has been advised by his physician not to travel to Pittsburgh, and thus, Mr. Davison has declined to come to Pittsburgh to testify in this trial.  Pfizer seeks to introduce Mr. Davison's Apotex trial testimony at the trial of this case pursuant to Federal Rule of Evidence 804(b)(1).  Mylan has objected to the use of the Apotex trial testimony of Mr. Davison.

Federal Rule of Evidence 804(b)(1) expressly authorizes the admission into evidence of prior testimony taken at a hearing or proceeding as an exception to the hearsay rule:

---

[1](...continued)
non-jury trial, Judge Rosenbaum held  the '303 patent infringed, valid and enforceable.  Apotex has appealed the judgment and oral argument before the United States Court of Appeals for the Federal Circuit is scheduled on November 6, 2006.

In April 2006, a non-jury trial was held before Judge James A Beaty in the United States District Court for the Middle District of North Carolina.  *Pfizer Inc. v. Synthon Holding BV*, 05-00039 (M.D. N.C.).  On August 31, 2006, Judge Beaty issued findings of fact and conclusions of law that the '303 patent was valid and infringed.  On September 29, 2006, Synthon appealed the judgment to the United States Court of Appeals for the Federal Circuit.

>   Testimony given as a witness at another hearing of the same or different proceeding, or in a deposition taken in compliance with the law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Courts have interpreted the phrase "predecessor in interest" to extend beyond privity to encompass parties sharing a "community of interest." *See Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1185 (3d Cir. 1978), *cert. denied,* 439 U.S. 969 (1978). As the United States Court of Appeals for the Third Circuit explained*:*

>   While we do not endorse an extravagant interpretation of who or what constitutes a "predecessor in interest," we prefer one that is realistically generous over one that is formalistically grudging. We believe that what has been described as "the practical and expedient view" expresses the congressional intent: "if it appears that in the former suit a party having a like motive to cross-examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party." Under these circumstances, the previous party having like motive to develop the testimony about the same material facts is, in the final analysis, a predecessor in interest to the present party.

*Lloyd,* 580 F.3d at 1185.

Pfizer argues that Apotex is a "predecessor-in-interest" to Mylan because "Apotex's motive to develop testimony of Mr. Davison at the Apotex trial, and Mylan's motive to develop his testimony at this trial are exactly the same: to render the '303 patent invalid as obvious and unenforceable for inequitable conduct." Memo. at 5. Mylan replies that Apotex did not have a similar motive because (i) "the trial strategy . . . was fundamentally different"; (ii) "Mylan has a significantly different financial stake in this litigation than Apotex had in the previously

litigated trial"; and (iii) "Mylan's theories of invalidity and unenforceability demonstrate that the issues in [Apotex] were quite different" than in the present case. *Br. in Opp'n,* at 7-9.

The Court finds Mylan's arguments to lack merit. As Rule 804(b)(1) states, and as our appellate court in *Lloyd* held, the use of prior testimony of a witness is allowed if a party with a "similar" interest and motive to cross-examine the witness had an "opportunity" to cross examine. *Fed. R. Evid. 804(b)(1)*; *Lloyd,* 580 F.2d 1187. Although the trial strategies and financial stakes may differ, it is hard to deny that Apotex and Mylan have a "similar" motive to cross-examine Mr. Davison - both Apotex and Mylan allege that the '303 patent is invalid because it is obvious and unenforceable for inequitable conduct.

Furthermore, the Court finds that Mylan will not be prejudiced by the use of Mr. Davison's prior testimony. Mylan cross-examined Mr. Davison extensively at his deposition in this case. In addition, Mylan has the benefit of three additional depositions of Mr. Davison (one taken by Apotex in the United States, one taken by Apotex in Canada in a case which involves a foreign counterpart of the '303 patent, and one taken by Synthon). Use may be made at trial of inconsistent or impeachment testimony of Mr. Davison in those depositions as appropriate.

Accordingly, the Court find and rules that Rule 804(b)(1) authorizes the admissibility of the former testimony of Edward Davison and Pfizer's motion in limine will be granted.

**AND NOW**, this 3rd day of November, 2006, it is hereby **ORDERED,**

**ADJUDGED AND DECREED** that the Motion *In Limine* to Offer and Rely on the Prior Trial Testimony of Edward Davison filed by Pfizer Inc. is **GRANTED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Betty A. Ryberg, Esquire
       Kaye Scholer
       Email: bryberg@kayescholer.com

       Gerald Sobel, Esquire
       Kaye Scholer
       Email: gsobel@kayescholer.com

       Joseph V. Saphia, Esquire
       Kaye Scholer
       Email: jsaphia@kayescholer.com

       Milton C. Sherman, Esquire
       Kaye Scholer
       Email: msherman@kayescholer.com

       Richard G. Greco, Esquire
       Kaye Scholer
       Email: rgreco@kayescholer.com

       C. James Zeszutek, Esquire
       Thorp, Reed & Armstrong
       Email: jzeszutek@thorpreed.com

       John J. Richardson, Esquire
       Thorp, Reed & Armstrong, LLP
       Email: jrichardson@thorpreed.com

Brian S. Roman, Esquire
Mylan Pharmaceuticals, Inc.
Email: brian.roman@mylanlabs.com

Stuart A. Williams, Esquire
Mylan Laboratories Inc.
Email: stu.williams@mylanlabs.com

Jill M. Ondos, Esquire
Mylan Pharmaceuticals, Inc.
Email: jill.ondos@mylanlabs.com

Steven M. Lieberman, Esquire
Rothwell, Figg, Ernst & Manbeck
Email: slieberman@rfem.com

Minaksi Bhatt, Esquire
Rothwell, Figg, Ernst & Manbeck
Email: mbhatt@rfem.com

Edward Anthony Figg, Esquire
Rothwell, Figg, Ernst & Manbeck
Email: efigg@rfem.com

Joo Mee Kim, Esquire
Rothwell, Figg, Ernst & Manbeck
Email: jkim@rfem.com

Martha Cassidy, Esquire
Rothwell, Figg, Ernst & Manbeck
Email: mcassidy@rfem.com

Ray C. Stoner, Esquire
Kepner, Kepner & Corba
Email: rstoner@kwbhlaw.com

Bradley A. Plotner, Esquire
DKW Law Group
Email: bplotner@dkwlaw.com

Brian P. Fagan, Esquire
Keevican Weiss Bauerle & Hirsch
Email: bfagan@kwbhlaw.com